UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOINA ALMAZON,

Plaintiff,

-v.-

MILTON TINGLING, *New York County Clerk,* MANUEL TAVAREZ, *Administrator,* CAROLYN GRIMALDI, *Former HR NYS Unified Court System*, and SUSAN WOODS, *Jury Division*,

Defendants.

26 Civ. 8007 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634, the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 to 796, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to 12213, and the New York State and City Human Rights Laws. She alleges violations of her rights in connection with her employment with the New York State Unified Court System. By order dated October 21, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## DISCUSSION

### A. The Court Will Add Plaintiff's Former Employer as a Defendant

Plaintiff brings claims against Defendants apparently in their capacity as employees of the New York State Unified Court System and alleges that she was unlawfully terminated for failure to comply with the New York State

Unified Court System's COVID vaccination mandate. To that end, Plaintiff attached with the Complaint a notice of employment termination from the New York State Unified Court System. In light of Plaintiff's *pro se* status and clear intention to assert claims against her former employer, the Court construes the complaint as asserting claims against the New York State Unified Court System and directs the Clerk of Court to add the New York State Unified Court System on the docket as a defendant in this action. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses that the New York State Unified Court System may wish to assert.

**B. Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[1] *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

1 Although a summons and complaint generally must be served within 90 days of the date the complaint is filed, *see* Fed. R. Civ. P. 4(m), Plaintiff proceeds IFP and could not effect service until the Court reviewed the complaint and ordered that any summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If service is not effected within this 90-day period, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Milton Tingling, Manuel Tavarez, Carolyn Grimaldi, and Susan Woods through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for these defendants and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. City Bar Justice Center

The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist parties representing themselves with civil cases in this court.[2] Appointments can be scheduled by completing the CBJC's intake form. If you are unable to complete this form, or if you have questions about the form, please call (212) 382-4794. A flyer with details is attached.

## CONCLUSION

The Clerk of Court is directed to issue summonses for Defendants Milton Tingling, Manuel Tavarez, Carolyn Grimaldi, and Susan Woods, complete the USM-285 form with the address for each defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

---

[2] The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

The Court requests that the Clerk of Court mail an information package to Plaintiff.

SO ORDERED.

Dated: November 9, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge

## SERVICE ADDRESS FOR EACH DEFENDANT

1. Milton Tingling
   60 Centre Street
   New York, NY 10007

2. Manuel Tavarez
   60 Centre Street
   New York, NY 10007

3. Carolyn Grimaldi
   60 Centre Street
   New York, NY 10007

4. Susan Woods
   25 Beaver Street
   New York, NY 10004